UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PUHR, | No.  2:21-cv-01858-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| ROGER CANADY, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Roger Canady and Daniel Torres's (collectively, "Defendants") Motion to Dismiss.  (ECF No. 12.)  Plaintiff Christopher Puhr ("Plaintiff") filed an opposition.  (ECF No. 14.)  Defendants filed a reply.  (ECF No. 17.)  For the reasons set forth below, the Court GRANTS Defendants' motion.

///
///
///
///
///
///
///
///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

On October 7, 2019, Plaintiff was inside his home in Vacaville, California, when he noticed Vacaville Police Officer Canady "molesting his vehicle and exited his home to investigate." (ECF No. 11 at 3.) Plaintiff alleges that Canady, armed with a firearm, accused Plaintiff of being on drugs, demanded to see his arms for track marks, and arrested him. (*Id.*) Canady proceeded to search Plaintiff's garage "without consent, without a warrant, and without exigent circumstances." (*Id.*)

Plaintiff alleges that after this initial search, Officers Canady and Torres conspired to fabricate and omit facts in the affidavit accompanying a search warrant application for Plaintiff's home. (*Id.* at 4.) Canady and Torres omitted any allegedly unconstitutional tactics used to gain entry and described the initial search as a "protective sweep." (*Id.* at 6.) A search warrant was issued for Plaintiff's home based on this search warrant application. (*Id.* at 7.)

Plaintiff filed the operative First Amended Complaint ("FAC") on March 14, 2022. (*Id.*) Plaintiff alleges the following claims: (1) a 42 U.S.C. § 1983 ("§ 1983") claim for unconstitutional seizure against Canady; (2) a § 1983 claim for unreasonable detention against Canady; (3) a § 1983 claim for unconstitutional search against Canady and Torres; (4) a § 1983 claim for violation of Plaintiff's due process rights against Canady and Torres; and (5) a § 1983 claim for violation of Plaintiff's constitutional right not to be deprived of liberty as a result of evidence fabrication against Canady and Torres. (*Id.* at 7–10.) Defendants filed the instant motion to dismiss on April 1, 2022. (ECF No. 12.)

## II.   STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in

---

[1]   The following recitation of facts is taken, sometimes verbatim, from the allegations in the First Amended Complaint.

1    federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the

2    grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal

3    citation and quotations omitted).  "This simplified notice pleading standard relies on liberal

4    discovery rules and summary judgment motions to define disputed facts and issues and to dispose

5    of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

6         On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

7    *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every

8    reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

9    *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

10   "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

11   relief."  *Twombly*, 550 U.S. at 570 (internal citation omitted).

12        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

13   factual allegations."  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

14   While Rule 8(a) does not require detailed factual allegations, "it demands more than an

15   unadorned, the defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A

16   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

17   elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

18   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements, do not suffice.").  Thus, "[c]onclusory allegations of law and unwarranted inferences

20   are insufficient to defeat a motion to dismiss" for failure to state a claim.  *Adams v. Johnson*, 355

21   F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

22   plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

23   in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

24   *Council of Carpenters*, 459 U.S. 519, 526 (1983).

25        Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

26   facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim

27   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

28   reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

1  680.  While the plausibility requirement is not akin to a probability requirement, it demands more

2  than "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  This plausibility

3  inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

4  experience and common sense."  *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or

5  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

6  dismissed.  *Id.* at 680 (internal quotations omitted).

7       If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

8  amend even if no request to amend the pleading was made, unless it determines that the pleading

9  could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,

10  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

11  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

12  denying leave to amend when amendment would be futile).

13       **III.   ANALYSIS**

14       Defendants move to dismiss Claim Three against Torres, Claim Four against all

15  Defendants, and Claim Five against all Defendants and move to strike paragraphs 35, 39, 44, 48,

16  and 55 of the FAC.  (ECF No. 12 at 6–7.)  Plaintiff states he does not oppose dismissal of Claims

17  Four and Five, nor does he oppose striking paragraphs 35, 39, 44, 48, and 55.  (ECF No. 14 at 4.)

18  Plaintiff only opposes dismissal of Claim Three against Torres.  (*Id.* at 1.)  Based on Plaintiff's

19  non-opposition, the Court GRANTS Defendants' motion to dismiss Claims Four and Five and

20  DISMISSES those claims with prejudice.  The Court also GRANTS Defendants' motion to strike

21  paragraphs 35, 39, 44, 48, and 55.

22       As to Claim Three against Torres, Defendants argue the FAC is devoid of facts indicating

23  that Torres had any knowledge that Canady wrongfully searched Plaintiff's property or provided

24  false information to support the warrant application.  (ECF No. 12 at 11.)  In opposition, Plaintiff

25  does not cite any legal authority or argue that the claim is viable as currently alleged.  Instead,

26  Plaintiff simply offers proposed amendments for the claim.  (ECF No. 14 at 1–3.)

27       The Court agrees with Defendants. Plaintiff has not cited — nor can the Court locate —

28  any factual allegations indicating that Torres had any knowledge that Canady allegedly

4

wrongfully searched Plaintiff's property or provided false information to support the warrant application. *See Jones v. Williams*, 297 F.3d 930, 935 (9th Cir. 2002) ("[A] plaintiff [cannot] hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct."). Although Plaintiff's proposed amendments appear to be conclusory and it is unclear whether those allegations would survive a subsequent motion to dismiss, the Court cannot say amendment is futile.

Accordingly, the Court GRANTS Defendants' motion to dismiss Claim Three against Torres with leave to amend.

**IV.    CONCLUSION**

The Court GRANTS Defendants' Motion to Dismiss (ECF No. 12) as follows:

1.   Claim Three against Torres is DISMISSED with leave to amend;

2.   Claim Four is DISMISSED with prejudice;

3.   Claim Five is DISMISSED with prejudice; and

4.   Paragraphs 35, 39, 44, 48, and 55 of the FAC are stricken.

Plaintiff may file an amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file a responsive pleading not later than twenty-one (21) days after Plaintiff files an amended complaint. If Plaintiff opts not to file an amended complaint, this case will proceed on the remaining claims in the FAC (Claims One, Two, and Three against Canady), and Canady shall file an answer not later than twenty-one (21) days from Plaintiff's deadline for filing an amended complaint.

IT IS SO ORDERED.

**DATED:  January 30, 2023**

Troy L. Nunley
United States District Judge